**In the matter of HASBRO, INC., Plaintiff,**

**v.**

**George SERAFINO, et al., Defendants.**

**No. Civ.A. 95–30062–MAP.**

United States District Court, D. Massachusetts.

March 12, 1999.

Anthony Mirenda, Arthur G. Telegen, Nicholas C. Theodorou, Amy B.G. Katz, Foley, Hoag & Eliot, Boston, MA, for plaintiff.

Donald Blakesley, Pellegrini & Seeley, Springfield, MA, Mahoney, Hawkes & Goldings, Boston, MA, Stephen J. Sousa, Springfield, MA, for George Serafino, ABC Janitorial Service, Inc., Hampden Battery Service, Inc., defendants.

Steven W. Leary, Springfield, MA, for Arthur Peckham, defendant.

Stephen R. Manning, East Longmeadow, MA, for movants.

Stephen J. Sousa, Springfield, MA, for George Serafino, Third–Party, plaintiff.

David G. Cohen, Egan, Flanagan & Egan, Springfield, MA, Charles S. Cohen, for George R. Ditomassi, Jr., Third–Party, defendant.

## MEMORANDUM REGARDING MOTION BY INTERVENERS, RICHARD, JEAN, AND ANTHONY SERAFINO TO RELEASE AND DISBURSE FUNDS IN ESCROW

PONSOR, District Judge.

## I. *INTRODUCTION*

This motion arises out of a pending civil action filed by Hasbro, Inc. against George

Serafino and several other defendants. In connection with the suit, this court allowed Hasbro's motion for attachment of real property owned by Serafino. Following an approved sale of the property, the proceeds were placed in escrow as security for Hasbro's claim.

Serafino's son, Anthony, and his brother and sister-in-law, Richard and Jean, have now intervened in the case for the limited purpose of seeking release and disbursement of a portion of the funds held in escrow. For the reasons set forth below, the motion will be denied.

## II. *FACTS*

Hasbro filed suit against George Serafino and several other defendants in 1995. In 1997, Hasbro sought to attach real property owned by Serafino at 32 Deerfield Avenue in Longmeadow, Massachusetts. Magistrate Judge Neiman recommended allowing the attachment, and this court adopted the recommendation. (Docket No. 134). The parties later agreed that the attached property could be sold and a portion of the proceeds could be used to pay off certain debts if approximately $114,000 was retained in the escrow account as security for Hasbro.

Serafino's son, Anthony Serafino, and his brother and sister-in-law, Richard and Jean Serafino, have intervened for the purpose of seeking release of part of the funds being held in escrow. They claim that in December 1996 George Serafino granted them mortgages as security for loans and that they are entitled to disbursement from the escrow account to repay these loans. Specifically, Richard and Jean seek release of $45,000, and Anthony seeks release of $25,000.

## III. *DISCUSSION*

Hasbro argues that the interveners' mortgages are fraudulent transfers under the Massachusetts Uniform Fraudulent Transfer Act. This statute, Mass.Gen.Laws ch. 109A, § 6(b), provides in part:

A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

All three of the interveners concede that Hasbro's claims arose before the transfers to them. They also acknowledge that they are insiders under the statute. (Docket No. 249 at 2). They contest, however, that the mortgages were for antecedent debts and that they had reasonable cause to believe George Serafino was insolvent. This court's analysis therefore begins with these two issues.

### A. *The Transfer to Richard and Jean Serafino*

■ First, was the mortgage granted to Richard and Jean Serafino for antecedent debt? Richard Serafino's deposition testimony and bank records clearly indicate that he made loans to George Serafino in April 1995, July 1995, and February 1996. (Docket No. 247, Exhibits C and G). The total amount of these loans was $45,000. Although Richard testified that George told him that he intended to grant a mortgage on the loans, the mortgage from George securing these loans was not made until December 1996. Richard and Jean Serafino do not dispute this timeline. Indeed, they "admit they made several loans within an eighteen month period preceding the grant of the $45,000 mortgage from George." (Docket No. 249 at 3). Given the undisputed fact that Richard and Jean Serafino's loans to George Serafino were made many months before the mortgage was granted in December 1996, this court concludes that the mortgage was for antecedent debt.

■ Second, did Richard and Jean Serafino have reasonable cause to believe that George was insolvent? They concede "that they generally understood that George had significant debt and no in-

come," but insist that "they had no understanding that his debts exceeded his assets, or that he was insolvent." (Docket No. 249 at 3). Given the circumstances, however, in this court's view their general understanding of George Serafino's debt and lack of income represented reasonable cause to believe that he was insolvent.[1] Though they may not have known the details of his insolvency, Richard testified that he knew that George Serafino was out of work, needed to borrow substantial sums of money from family members, and was facing "huge legal fees." (Docket No. 247, Exhibit C). Additionally, George granted the mortgages just days after the hearing on Hasbro's attachment motion. For the purposes of Mass.Gen.Laws ch. 109A, § 6(b), Richard and Jean's knowledge constituted "reasonable cause to believe that [George Serafino] was insolvent."

In sum, Hasbro's claim arose before the transfer to Richard and Jean Serafino; Richard and Jean Serafino were insiders; the transfer was for antecedent debt; and Richard and Jean Serafino had reasonable cause to believe George Serafino was insolvent. The transfer to Richard and Jean Serafino in December 1996 was therefore fraudulent as to Hasbro under the Uniform Fraudulent Transfer Act, Mass.Gen. Laws ch. 109A, § 6(b). Thus, the motion to release and disburse funds to Richard and Jean Serafino from the escrow account will be denied.

### B. *The Transfer to Anthony Serafino*

■ George Serafino's mortgage to his son, Anthony Serafino, presents a closer issue. First, this court must decide whether Anthony Serafino had reasonable cause to believe his father was insolvent. Anthony Serafino testified in a deposition that he knew that his father faced serious financial hardship: "Owed a lot of money to his lawyer, was not employed, wasn't getting any money, no money was coming in, and you need money to live on, once you start going through your savings.... [H]e still had a mortgage on his home, still had to pay your utilities, your bills, you car insurance, and so forth." (Docket No. 247, Exhibit B). In this light, this court concludes that, like Richard and Jean Serafino, Anthony Serafino had reasonable cause to believe that his father was insolvent.

Second, was the mortgage granted to Anthony Serafino for antecedent debt? In December 1996, George Serafino granted his son a single mortgage for two loans—a $5,000 loan and a $20,000 loan. It appears from the bank records provided to this court that Anthony loaned his father the $5,000 in July 1995. (Docket No. 247, Exhibit D). For the reasons discussed above regarding the timing of Richard and Jean Serafino's loans, the mortgage as to this amount was for antecedent debt. This court therefore concludes that the $5,000 was fraudulent under Mass.Gen.Laws ch. 109A, § 6(b) and the motion to release and disburse this portion of the mortgage will be denied.

■ With regard to the $20,000, however, it appears that the loan was made at essentially the same time as the mortgage was granted in December 1996. This portion of the mortgage therefore did not cover antecedent debt and was not fraudulent under Mass.Gen.Laws ch. 109A, § 6(b).

This conclusion, however, does not end the inquiry. Hasbro further maintains that the mortgage to Anthony was invalid because it was made with the intent to hinder Hasbro's claim in violation of another provision of the Uniform Fraudulent

---

1. The Uniform Fraudulent Transfer Act, Mass. Gen.Laws ch. 109A, § 3, defines insolvency as follows:

(a) A debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets, at a fair valuation.

(b) A debtor who is generally not paying his debts as they become due is presumed to be insolvent.

Transfer Act, Mass.Gen.Laws ch. 109A, § 5(a)(1). Under this provision, a transfer is fraudulent as to a creditor if made "with actual intent to hinder, delay, or defraud any creditor of the debtor."

■ "Actual intent" is commonly shown through circumstantial evidence and inference. *See Palmer v. Murphy,* 42 Mass.App.Ct. 334, 345, 677 N.E.2d 247 (1997). Generally, typical indicia of fraudulent intent include:

> (1) actual or threatened litigation against the debtor; (2) a purported transfer of all or substantially all of the debtor's property; (3) insolvency or other unmanageable indebtedness on the part of the debtor; (4) a special relationship between the debtor and the transferee; (5) retention by the debtor of the property involved in the putative transfer.

*Max Sugarman Funeral Home, Inc. v. A.D.B. Investors,* 926 F.2d 1248, 1254 (1st Cir.1991) (citations omitted); *see also Palmer,* 42 Mass.App.Ct. at 345, 677 N.E.2d 247. While the "presence of a single badge of fraud may spur mere suspicion, the confluence of several can constitute conclusive evidence of an actual intent to defraud." *Id.* at 1254–55 (citation omitted). Several of these indicia are present in this case. At the time of the transfer, George Serafino was being sued by Hasbro; he attempted to transfer a substantial portion of his attached property to Richard, Jean, and Anthony Serafino; he had no source of income and faced considerable debt, and he was in a special relationship with the transferee—father and son. Furthermore, the timing of the transfer to Anthony Serafino was suspicious; the mortgage was granted on December 16, 1996, just four days after the attachment hearing in front of Magistrate Judge Neiman. At the hearing, no mention was made of George Serafino's intent to grant mortgages on the property to be attached.

Finally, as a matter of equity, this court notes that to allow the transfer to Anthony Serafino to take priority over Hasbro's claim would frustrate the purpose of the attachment, namely, to provide meaningful security for Hasbro's interest. *See East Boston Sav. Bank v. Ogan,* 428 Mass. 327, 328, 701 N.E.2d 331 (1998) (observing that courts have "broad power over mortgages," including the power "to adjust priorities among existing mortgages").

Against this backdrop, this court concludes that Hasbro's security interest in the attached property must take precedence over the entire $25,000 mortgage granted to Anthony Serafino. Accordingly, the motion to release and disburse funds held in escrow to Anthony Serafino will be denied.

## IV. CONCLUSION

The motion of Richard, Jean, and Anthony Serafino to release and disburse funds in escrow is hereby DENIED. The clerk will set this case for a status conference to discuss setting a trial date.

A separate order will issue.